Filed 3/9/16  Behrmann v. Butkiewicz CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| BRIAN BEHRMANN, | B261930 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. SS024207) |
| v. | |
| LISA BUTKIEWICZ, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Richard Stone, Judge.  Affirmed.

Brian Behrmann, in pro. per., for Plaintiff and Appellant.

Lisa Butkiewicz, in pro. per., for Defendant and Respondent.

_____

Appellant Brian Behrmann appeals from the trial court's confirmation of an arbitration award against him. We affirm.

## FACTUAL AND PROCEDURAL SUMMARY

Primary Phase LLC, a Florida company of which Behrmann was president, entered into an agreement with Lisa Butkiewicz to purchase her business in 2012. After Primary Phase failed to make the scheduled payments, Butkiewicz sought arbitration in accordance with the contract, naming the company along with three individuals, Karen, Brian and Walter Behrmann.[1] As set forth in the Final Arbitration Award, the individuals objected to the arbitration asserting they were not parties to the contract.[2]

The arbitration clause in the purchase agreement incorporated the Commercial Rules of the American Arbitration Association. Pursuant to those rules, the parties agreed that the arbitrator was given the authority to determine the proper parties to the agreement. The arbitrator, in making that determination, found that the agreement was entered into by Butkiewicz and Primary Phase LLC, a Florida limited liability corporation. The arbitrator found no basis to exercise jurisdiction over Karen, who he found had not participated in the transaction other than to object to it and block payment of the required funds. As to the other two individuals, the arbitrator found that they had materially participated in the transaction and that they were properly bound by the agreement on an alter ego theory.

Brian Behrmann filed a petition to vacate the award in the trial court which Walter Behrmann did not join, asserting that the award had been "obtained by corruption, fraud, or other unfair means." As supporting facts, he alleged only that he had never agreed to the arbitration personally.

---

[1]     The Agreement is contained in the record, but the complaint filed to commence the arbitration is not.

[2]     Because appellant provided no record to this Court containing factual information about the dispute other than the Award, we rely on that document for the facts.

2

The matter was called for hearing on November 24, 2014. The minute order, which is the only record of the hearing contained in the record before this court, indicates that "Plaintiff appears telephonically after being admonished by the Court as well as the court staff that he must appear in person for trial. The Court finds for the respondent pursuant to Code of Civil Procedure section 1286.2. Previously arbitration award is now confirmed and upheld as the judgment."

Behrmann[3] now argues that the trial court denied his petition because he had not appeared in person, and that he should not be bound by the arbitration because he never agreed to arbitrate the dispute. Finding no error, we affirm.

## DISCUSSION

A.      *The Record Does Not Demonstrate Error*

The record before this court consists solely of a twenty-eight page clerk's transcript, which contains the Petition to Vacate, the trial court's minute order, and the notice of appeal and designation of record. Attached to the Petition is the arbitration award and the contract at issue. As a result, this court is unable to determine either the scope of the issues presented to the arbitrator, or the actual nature of the proceedings in the trial court. Behrmann has made no showing that the trial court failed to consider the merits of the matter, or that he attempted, but was precluded from, presenting evidence to the trial court to address the determination of the arbitrator that he was a proper party to the arbitration. Moreover, while Behrmann cites authority supporting the proposition that a party must agree to arbitration to be bound, he provides no factual basis on which we can conclude that the trial court erred in accepting the arbitrator's findings on this issue.

"Appealed judgments and orders are presumed correct, and error must be affirmatively shown. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564, [86 Cal.Rptr. 65, 468 P.2d 193].) Consequently, plaintiff has the burden of providing an adequate record. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295, [240 Cal.Rptr. 872, 743 P.2d

---

**3**      All further references are to Brian Behrmann only.

3

932].)  Failure to provide an adequate record on an issue requires that the issue be resolved against plaintiff.  (*Id.* at pp. 1295-1296.)" (*Hernandez v. California Hospital Medical Center* (2002) 78 Cal.App.4th 498, 502.)

      B.      *The Record Does Not Demonstrate That the Trial Court Erred*

"There are circumstances in which nonsignatories to an agreement containing an arbitration clause can be compelled to arbitrate under that agreement.  As one authority has stated, there are six theories by which a nonsignatory may be bound to arbitrate: '(a) incorporation by reference; (b)assumption; (c) agency; (d) veil-piercing or alter ego; (e) estoppel; and (f) third party beneficiary [citations.]'" (*Suh v. Superior Court* (2010) 181 Cal.App.4th 1504, 1513.)

While ordinarily this issue of arbitrability would be a judicial determination, the parties may agree otherwise.  (*Howsam v. Dean Witter Reynolds, Inc.* (2002) 537 U.S. 79, 83.)  Here, the agreement between the parties bound them to use the commercial arbitration rules of the American Arbitration Association.  Those rules, whose application appellant does not dispute, provide the arbitrator with the jurisdiction to determine the proper parties.  Accordingly, the determination by the arbitrator that an alter ego finding was appropriate in this case was within his jurisdiction.

Code of Civil Procedure section 1286 et seq. governing the court's role with respect to an arbitration award, sets forth five grounds for vacating the award: corruption, fraud or undue means; corruption of the arbitrator; substantial prejudice caused by misconduct by the arbitrator; action by arbitrator exceeding authority where the award cannot be corrected without affecting the merits; and prejudice caused by refusal to postpone the hearing despite cause, or refusal to consider relevant evidence.  (Code of Civ. Proc., § 1286.2.)

Here, appellant sought to vacate the order under the first ground, although it appears his challenge is based on his belief that the arbitrator exceeded his authority. Assuming for purposes of analysis that the trial court considered the merits, the record does not indicate that Behrmann presented any evidence demonstrating that the

4

arbitrator's determination was not supported by the agreement or lacked a factual basis. Nor does Behrmann set forth any legal authority permitting the trial court to vacate the award on the limited factual allegation he stated in his petition. Merely stating a ruling was in error is insufficient to present an issue for review. "This is no legal analysis at all. It is simply a conclusion, unsupported by any explanation [of asserted error]." (*In re S.C.* (2006) 138 Cal.App.4th 396, 410.) "Mere suggestions of error without supporting argument or authority other than general abstract principles do not properly present grounds for appellate review." (*Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Bd.* (2002) 100 Cal.App.4th 1066, 1078.)

Behrmann has failed to meet his burden to establish a factual or legal basis on which we can determine that the trial court erred. Accordingly, we affirm.[4]

## DISPOSITION

The order confirming the arbitration is affirmed. Respondent is to recover her costs on appeal.


ZELON, J.

We concur:



PERLUSS, P. J.                    BLUMENFELD, J.[*]

---

[4] As we cannot determine the basis for the trial court's decision, and the record does not permit us to determine whether Behrmann disregarded a prior court order in making the decision not to appear, we will not address his contention that the court improperly ruled against him on that basis. We note, however, California Rules of Court, rule 3.670(e) requires personal appearance for trials, hearings and proceedings at which testimony is anticipated unless the trial court, in its discretion, permits a telephonic appearance. Behrmann has made no showing that the trial court abused its discretion in refusing permission to conduct his hearing by telephone in this case.

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.